## PATTERSON *v.* THE BOARD OF SUPERVISORS OF YUBA COUNTY.

In an action to restrain the issuance of bonds by an incorporated company, the persons to whom the bonds are to be issued are necessary parties to such action.

An injunction cannot be granted affecting the rights and interest of parties who have no opportunity of being heard, and who are not secured by such bond as would compensate them for the injury and loss they might sustain in case the writ was improperly issued.

The case of Hutchinson *v.* Burr *et al., ante* 103, affirmed.

APPEAL from the Tenth District, County of Yuba.

This was an action by bill to restrain the Board of Supervisors from issuing bonds, in pursuance of an Act of the Legislature, to the San Francisco and Marysville Railroad Company.

The action was against the Board of Supervisors of Yuba county—the Railroad Company not having been made parties. Upon a final hearing of the case, the Court ordered the injunction to issue; from which order the defendants appealed to this Court.

*B. S. Brooks and T. Dame* for Appellants.

The Court below erred in granting the injunction.

*T. B. Reardon* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This is an appeal from an order granting an injunction to restrain the defendants from issuing their bonds, in pursuance of an Act of the Legislature, to the San Francisco and Marysville Railroad Company.

Even if we were to concede that the plaintiff has a right to interpose in this matter to stay an Act of this nature, done in pursuance of legislative authority, and that the facts stated in the bill justify the action of the Court below, it is clear that, under the decision of this Court in Hutchinson *v.* Burr, the proceeding was improper in the absence of the parties beneficially interested. The Supervisors are not the real parties interested, certainly not in favor of the Railroad Company, in resisting this application; and an injunction should not have been granted affecting their rights and interests until they had an opportunity to be heard, and until they were secured by such bonds on the award of the injunction as would compensate them for the injury and loss they might sustain in the premises.

The public importance of the question involved makes it desirable that a decision should be had on the merits of this application. But it would be improper to pass upon the rights of parties in their absence; and our judgments would be of no validity in such cases as to the absent parties. If the Railroad Company were not an indispensable party, we should not notice this defect; but we might as well undertake to settle the rights of C, in the contest between A and B, as to decide this question in a contest between the plaintiff and the Supervisors.

For this reason we reverse the order granting the injunction, and remand the case.